UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

)
SAMUEL A. COUNTER,                                    )
                                                                      )
                        Plaintiff,                            )
                                                                      )
v.                                                                   )          Civil Action No. 09-12144-RGS
                                                                      )
ROBERT W. HEALY, et al.,                         )
                                                                      )
                        Defendants.                        )
                                                                      )

---

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
AND ORDER ON MOTION TO AMEND.


June 28, 2010

SOROKIN, M.J.

        The Plaintiff, Samuel A. Counter, has brought suit pursuant to 42 U.S.C. § 1983 and the

Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I, against the City of Cambridge and two of its

police officer employees, William Macedo and John Fulkerson.  Docket # 13-1.[1]  He alleges that

he was falsely arrested, that excessive force was used to effect the arrest, that the Defendants

violated his right to Equal Protection under the laws, and that the Defendants committed the

common law tort of abuse of process.  Id.

        In response on Order of Reference dated January 28, 2010, I RECOMMEND that the

---

        [1]  The Second Amended Complaint names Defendant Robert W. Healy, City Manager of
the City of Cambridge, in his official capacity only.  Docket # 15 at ¶ 6.  Such a suit is the
equivalent of a suit against the municipality itself.  See Monell v. Dept. of Social Srvcs. of the
City of New York, 436 U.S. 658, 690 n. 55 (1978).

Defendants' Motion to Dismiss be DENIED.

I.      PROCEDURAL HISTORY

Counter filed a pro se Complaint on December 18, 2009.  Docket # 1.  On January 11, 2010, the Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12.  Docket # 2.  On February 19, 2010, Counter moved to amend the Complaint.  Docket # 4.  The Court set a Rule 16 Scheduling Conference for March 12, 2010, and notified the Parties that it intended to hear the pending motions on that date. Electronic Order of February 23, 2010.  In the days preceding the conference, Counter informed the Defendants' counsel (who was attempting to confer regarding the proposed schedule, as required by L.R. 16.1) that he was now represented and that his attorney would soon contact him regarding the scheduling proposal.  Docket # 7.

On March 12, only the Defendants' counsel appeared for the scheduling conference, indicating that he had not in fact been contacted by any counsel representing Counter.  The Defendants' brought an oral motion seeking dismissal of the case for lack of prosecution. I RECOMMEND that this motion be DENIED.  There was some uncertainty as to whether the pro se Plaintiff had received notification by mail of the date of the scheduling conference.

The Court reset the scheduling conference for April 1, 2010, and notified Counter by mail.  On March 31, 2010, counsel entered an appearance on Counter's behalf.  Counter's counsel did appear on April 1, but sought to continue the conference in light of their appearance on the previous day.  Docket #s 9-11.  The Court allowed that motion, established a schedule for the parties to address the amended complaint Counter's counsel sought to file and  rescheduled the Rule 16.1 scheduling conference for June 21, 2010.

II.     FACTUAL BACKGROUND

2

Counter is an African-American resident of Cambridge, Massachusetts, and a professor at Harvard University.[2]  Docket # 15 at ¶ 7, 9.  In his role as a mentor to students of color at Harvard, Counter has in the past discussed directly with members of the Cambridge Police Department incidents of mistreatment of students of color and has invited members of the Department to speak at the university.  Id. at ¶ 10.

Counter was married and had three daughters.  Id. at ¶ 11.  In 2005, Counter and his wife divorced. Id.  Counter remains "involved in every aspect of his children's lives."  Id.  Counter's ex-wife developed a relationship with Defendant Sergeant John Fulkerson at some point after the 2005 divorce.  Id. at ¶ 12.  In February 2006, during the pendency of a custody dispute, Fulkerson filed a criminal Complaint against Counter on behalf of Counter's ex-wife.  Id.  In court, before a hearing on this matter, Counter's attorney asked Fulkerson "why he was pursing the meritless matter against" Counter.  Id.  In response, Fulkerson "became irate, pointed [at][3] Dr. Counter and stated that it was because Dr. Counter thought Fulkerson was having an affair with Counter's ex-wife."  Id.  The matter was continued for five months and ultimately the complaint did not issue.  Id

On December 18, 2006, Counter argued (verbally) with his daughter about her school absenteeism while driving her to her mother's home.  Id. at ¶ 18.  At the conclusion of the argument, Counter's daughter was calm.  Id.  Counter parked the car and his daughter removed her seatbelt and got out of the car.  Id.  After his daughter entered her mother's home, Counter's

---

[2]  In keeping with the standard of review applicable to motions brought pursuant to Fed. R. Civ. P. 12, the facts alleged in the Amended Complaint are recited herein as if true.

[3]  The Amended Complaint reads "pointed and Dr. Counter," however, in context the word "and" appears to be a typographical error.

ex-wife called the Cambridge police and reported that Counter had shoved his daughter out of a moving car.  Id.  During the call, she mentioned Defendant Fulkerson by name.  Id. at ¶ 19. Defendant Officer William Macedo responded to the home of Counter's ex-wife and interviewed his daughter for "only a few seconds."  Id. at ¶ 21.  Macedo had "concerns that the mother may [be] behind the report being filed" and he was "'unclear as to how the incident happened.'"  Id. at ¶ 20.

Despite his concerns, Macedo proceeded to Counter's residence to arrest Counter without a warrant.  Id. at ¶ 21.  Macedo and numerous other Cambridge police officers knocked on the door of Counter's residence.  Id. at ¶ 13.  Macedo ordered Counter to step outside of his home, and then onto the public sidewalk.  Id.  Counter complied and Macedo arrested him for domestic assault and battery.  Id. at ¶¶ 13, 16.  In the course of the arrest, Macedo employed excessive force, resulting in injury to Counter's shoulder.  Id. at ¶¶ 13, 16.

While at the police station, Counter experienced chest pain and shortness of breath.  Id. at ¶ 17.  When Counter requested medical attention, two officers repeatedly laughed and made light of the situation, but one of the officers eventually called paramedics, resulting in Counter's transfer to a hospital for evaluation and treatment.  Id.

Counter alleges that Fulkerson ordered and participated in his arrest and was motivated by personal animus arising from his relationship with Counter's ex-wife and his desire to help her to gain an advantage in the ongoing custody dispute, as well as by racial animus.  Id. at ¶¶ 20, 24.  He further alleges that Macedo was motivated by personal and racial animus, and that the City of Cambridge has a pattern and practice of arresting and harassing black men in circumstances in which similarly-situated white men would not be arrested or harassed, and of

tolerating the use of illegal arrests and excessive force.  Id. at ¶¶ 24-25.

In the course of the ensuing criminal prosecution, Counter filed a motion to dismiss the complaint arguing that it was issued without a valid showing of probable cause.  Docket # 16 at 19-20.  The motion was denied without comment.  Id.  Subsequently, on July 31, 2007, Counter was tried and acquitted.  Docket # 15 at ¶ 23.  At the trial, his daughter testified that at no time did Counter push her from the car.  Id.

Counter brings five claims: (1) against Macedo and Fulkerson, pursuant to 42 U.S.C. § 1983, for violations of Counter's Fourth Amendment rights (by false arrest and the use of excessive force in effecting the arrest); (2) against Macedo and Fulkerson, pursuant to the Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I, for the same conduct; (3) against Macedo and Fulkerson pursuant to Section 1983, for violation of Counter's Fourteenth Amendment right to Equal Protection under the laws; (4) against Macedo and Fulkerson, for the common law tort of abuse of process; and (5) against the City of Cambridge, pursuant to 42 U.S.C. § 1983, for tolerating constitutional violations of the types alleged against the individual defendants.

III.    DISCUSSION

The Defendants oppose the proposed amendment to the Complaint on the grounds that it is futile, in light of the arguments raised in their simultaneous motion to dismiss.  They move to dismiss Counter's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the Amended Complaint is subject to dismissal: (1) because the false arrest claim is barred by the Cambridge District Court's conclusion that there was probable cause for the arrest; (2) because it fails to state a claim for the excessive use of force in violation of the Fourth Amendment; (3) because it fails to allege "threats, intimidation and or coercion" as is required to establish liability under the

MCRA; (4) because it fails to plausibly allege racial animus in a manner sufficient to survive a Rule 12 challenge; (5) because it fails to allege sufficient facts to support municipal liability; and (6) because it does not allege the use of legal process for an improper or ulterior motive.

Standard of Review

Because the Defendants oppose the amendment of the Complaint on grounds of futility, the analyses applicable to the Plaintiff's Second Motion to Amend and the Defendants Motion to Dismiss are identical.  See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir.1996).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993).  This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir.1992).  Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir.1997)(quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988) (internal quotation marks omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 129 S.Ct. at 1949.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id.  The Court's

6

assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its

judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st

Cir.2009)(quoting Iqbal, 129 S.Ct. at 1949). "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not 'show[n]' – 'that the pleader is entitled to relief." Id.

    For the following reasons, I RECOMMEND that the Defendant's Motion to Dismiss be

DENIED.  For that reason, the Plaintiff's proposed amendments are not futile, and the Motion to

Amend is ALLOWED.

Count I - Fourth Amendment

       Fourth Amendment - False Arrest

The Defendants first assert that to the extent the Plaintiff's Fourth Amendment claim is

based upon a false arrest, that claim is barred by issue preclusion doctrine (formerly termed

"collateral estoppel") because probable cause for the arrest was "conclusively established by

virtue of its having been fully litigated in the underlying criminal matter" in that Counter filed a

motion to dismiss based on lack of probable cause, which the Court denied.  Docket # 16 at 5-6

(citing Kyricopoulos v. Town of Orleans, 967 F.2d 14 (1st Cir.1992)).

The full faith and credit statute, 28 U.S.C. § 1738, requires this Court to give "the same

preclusive effect to state court judgments – both as to claims and issues previously adjudicated  –

as would be given in the state court system in which the federal court sits" and it is therefore

Massachusetts law which determines whether the previous probable cause finding has preclusive

effect.  Kyricopoulos, 967 F.2d at 16 (quoting Willhauck v. Halpin, 953 F.2d 689, 704 (1st

Cir.1991)).  "Before precluding a party from relitigating an issue, 'a court must determine that (1)

there was a final judgment on the merits in the prior adjudication; (2) the party against whom

preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the

issue in the prior adjudication was identical to the issue in the current adjudication.'" <u>Kobrin v.</u>

<u>Board of Registration in Med.</u>, 444 Mass. 837, 843-844 (2005) (quoting <u>Tuper v. North Adams</u>

<u>Ambulance Serv., Inc.</u>, 428 Mass. 132, 134 (1998)). "Additionally, the issue decided in the prior

adjudication must have been essential to the earlier judgment." <u>Kobrin</u>, 444 Mass at 844 (quoting

<u>Tuper</u>, 428 Mass. at 134-135).  For the doctrine to apply, a court must find that the "issue

attempted to be raised in the second case was the same issue which was so necessarily involved

in the first action that the judgment which was entered therein could not possibly have been

entered on any ground other than that this issue was adjudicated adversely to the party later

attempting to present it." <u>McSorley v. Town of Hancock</u>, 11 Mass.App.Ct. 563, 567-568 (1981)

(quoting <u>Wishnewsky v. Town of Saugus</u>, 325 Mass. 191, 195 (1950)). The Defendants, as the

party asserting issue preclusion, have the burden of establishing its elements. <u>Day v. Kerkorian</u>,

61 Mass.App.Ct. 804, 809 (2004).

This argument fails.  While there was a valid and final judgment in the underlying

criminal action against Coulter (an acquittal by jury), the probable cause finding was not itself

"essential" to Counter's acquittal by the jury.  This circumstance is distinguished from the

<u>Kyricopoulos</u> case upon which the Defendants rely, in which the final state court judgment for

issue preclusion purposes was the denial of the appellant's request for further appellate review of

the decision in which the Appeals Court affirmed his conviction.  The First Circuit (applying

Massachusetts law) concluded that the elements of issue preclusion were established in part

because "[t]he affirmance of appellant's conviction indicates that the Massachusetts Appeals

Court concluded that the police officer's actions in arresting appellant and in obtaining a search warrant did not result in a violation of appellant's Fourth Amendment rights." <u>Kyricopoulos v. Town of Orleans</u>, 967 F.2d 14, 17 (1st Cir.1992).  In other words, a finding that there was probable cause for the arrest of Kyricopoulos was essential to the final judgment affirming Kyricopoulos' conviction.  Here, the judgment of acquittal entered by the state court does not include, as an essential part of the judgment, a determination of probable cause.

Fourth Amendment - Excessive Force

The Defendants correctly argue that there are no facts alleged in the Amended Complaint which would support liability against Fulkerson on a claim for excessive force.  Count I is not subject to dismissal to the extent directed against Fulkerson, however, because Count I is for Fourth Amendment violations arising from two types of illegal seizure (<u>i.e.</u>, false arrest and excessive force), and the Count remains viable against Fulkerson to the extent predicated upon his initiation of, and participation in, a false arrest.

It is unclear if the Defendants also assert that the Amended Complaint fails to state a claim for excessive force against Macedo.[4]  In any event, the allegations against Macedo (that he twisted Coulter's arm violently and injured his shoulder, using more force than was necessary to effect the arrest) suffice to state a claim for excessive force in violation of the Fourth Amendment.

MCRA - False Arrest and Excessive Force

---

[4]  Their brief contains only a passing reference to the excessive force claim against Macedo, within the argument for dismissal of the Abuse of Process claims.  <u>See</u> Docket # 16 at 13-14.  The only argument made is that Counter fails to allege that he complained to Macedo of pain.  <u>Id.</u> at 14.  It is not necessary that he do so in order to state a claim.

The Defendants assert that the Amended Complaint does not state a claim under the MCRA for false arrest and/or the use of excessive force in effecting the arrest because the Amended Complaint does not allege facts amounting to "threats, intimidation or coercion." Docket # 16 at 14-16.

To establish a claim under the MCRA, Counter "must prove that (1) his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by 'threats, intimidation or coercion." Haufler v. Zotos, 446 Mass. 489, 504 (2006) (quoting Bally v. Northeastern Univ., 403 Mass. 713, 717 (1989)). A reasonable person standard is used to determine whether a defendant's conduct constitutes "threats, intimidation, or coercion" under the act. Id. at 505. In the context of the act, a "threat" consists of "the intentional exertion of pressure to make another fearful or apprehensive of injury or harm." Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 474 (1994). "Intimidation" involves "putting in fear for the purpose of compelling or deterring conduct." Id. "Coercion" is "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Id. Both threats and intimidation often rely on an element of actual or threatened physical force. Kennie v. Natural Resource Dept. of Dennis, 451 Mass. 754, 763 (2008) (citing Ayasli v. Armstrong, 56 Mass.App.Ct. 740, 752 (2002). Coercion is a broader category that may rely on physical, moral, or economic coercion. Id. citing Haufler v. Zotos, 446 Mass. 489, 505 (2006). A deprivation of secured rights via physical force amounting to racial harassment is precisely the type of conduct which animated passage of the MCRA. See Planned Parenthood, 417 Mass. at

474, n. 8.

Counter alleges that Macedo used more physical force than was necessary (violently twisting his arm and injuring his shoulder) to arrest him, and that the arrest itself was motivated by racial animus.  Docket # 15 at ¶¶ 14, 24.  The allegation of the use of excessive physical force to effect a racially motivated arrest is "threats intimidation or coercion" within the meaning of the MCRA.  Counter also alleges that Fulkerson initiated a false arrest of Counter in order to influence the course of a custody battle between Counter and his ex-wife.  Id. at ¶ 19.  That allegation likewise suffices to state a claim of deprivation of secured rights by threats, intimidation or coercion.

Equal Protection

The Defendants next argue that Count II fails to state a claim for violation of Counter's rights to Equal Protection of the laws.  The Defendants' argument focuses unduly upon Counter's failure to plead facts supporting the allegation that Macedo and Fulkerson were motivated by racial animus in light of the fact that "[t]o plead a viable equal protection claim, a plaintiff must allege facts indicating selective treatment 'compared with others similarly situated  . . .  based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Aponte-Torres v. University Of Puerto Rico, 445 F.3d 50, 57 (1st Cir.2006) (quoting Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 7 (1st Cir.2001)) (emphasis added).

Although it is questionable whether or not Counter's allegations with regard to racial animus, standing alone, would state an Equal Protection claim, the totality of his factual allegations nevertheless suffices because he has pleaded not only racial animus, but also a

11

malicious or bad faith intent to injure him.[5]   Counter has pleaded that he was something of a

gadfly to the Cambridge Police Department on racial issues, that Fulkerson bore personal animus

toward him because he was involved in a relationship with Counter's ex-wife, that he and his ex-

wife were involved in a custody dispute, that his ex-wife mentioned Fulkerson's name when

contacting police, that Fulkerson directed Macedo to arrest Counter in order to influence the

disposition of the custody action, that Macedo carried out Fulkerson's instructions despite his

own doubts about the validity of the criminal complaint, and that both men bore personal and

racial animus toward him.   The allegations are more than sufficient to satisfy the notice pleading

requirements of Fed. R. Civ. P. 8.

  <u>Municipal Liability Under Section 1983</u>

---

[5]   The Defendants assert that Counter's allegations are insufficient to state a claim in part because two allegations are made "upon information and belief." <u>See</u> Docket # 15 at ¶¶ 19, 24, The federal rules, however, permit pleading on this basis. <u>See</u> Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading  .  .  .  an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances  .  .  . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").   To be sure, pleading "on information and belief" is not sufficient in certain circumstances in which a heightened pleading standard is applicable, such as when pleading fraud under Rule 9(b) (<u>See</u>, <u>e.g.</u>, <u>Cordero-Hernandez v. Hernandez-Ballesteros</u>, 449 F.3d 240, 246-47 (1st Cir.2006)) or under certain statutory schemes, such as the Private Securities Litigation Reform Act (<u>See</u> 15 U.S.C.A. § 78u-4; <u>In re Cabletron Systems, Inc.</u>, 311 F.3d 11, 28-29 (1st Cir.2002).   The practice is permitted, however, under the liberal pleading regime of Rule 8, applicable to the proposed Amended Complaint.   <u>See also</u> <u>Freeport Transit, Inc. v. McNulty</u>, 239 F.Supp.2d 102, 110 (D.Me.2003)(Singal, J.)(in light of Rule 11, "[c]ounsel's decision to expressly state that the allegations are made upon information and belief is stylistic and does not make the related allegations any less significant").   Finally, even if the Court struck the two allegations made on information and belief (namely, that Macedo and Fulkerson harbored racial and personal animus toward Counter, and that Fulkerson participated in Counter's arrest) personal animus and Fulkerson's participation are inferred from facts pleaded elsewhere in the Amended Complaint, which suffice in their totality to state a claim.

Whether or not Counter's allegations against the City of Cambridge suffice to state a claim for municipal liability pursuant to Section 1983 presents a closer question, but Counter has advanced enough facts to proceed to discovery on this claim. To be sure, Count III, standing alone, reads as a boilerplate recitation of the elements of a Monell claim, without supporting factual allegations. Docket # 15 at ¶¶ 32-33. Counter, however, has pleaded that he serves as a mentor to students of color at Harvard and is aware of, and has discussed with the Police Department, numerous instances of "mistreatment of students of color by the Cambridge Police." Id. at ¶ 10. These allegations, combined with the specific allegations regarding the two different criminal complaints Counter faced, are sufficient to state a claim for relief that is plausible on its face. Iqbal, 129 S.Ct. 1937 at 1949.

Abuse of Process

The Defendants next assert that the claim for abuse of process fails because Counter has failed to set forth factual allegations supporting the inference that legal process was used for an ulterior or illegitimate purpose. Docket # 16 at 12 (citing Guitierrez v. MBTA, 437 Mass. 396, 407 (2002) (elements of abuse of process are the use of legal process for an ulterior or illegitimate purpose resulting in damage). The Amended Complaint, however, alleges such facts. Counter has alleged that Macedo arrested him without probable cause, at Fulkerson's direction, and despite Macedo's own misgivings as to probable cause, and that they did so in order to assist Counter's ex-wife (with whom Fulkerson had a personal relationship) in a pending custody dispute. These well-pleaded allegations, which must be accepted as true for the purposes of this motion, state a claim for abuse of process.

IV.    CONCLUSION

The Plaintiff's original pro se Motion to Amend (Docket # 4) is DENIED AS MOOT.

The Plaintiff's Second Motion to Amend (Docket # 14) is ALLOWED.

I RECOMMEND that the Defendants' oral Motion to Dismiss for Lack of Prosecution,

made at the continued Rule 16.1 Scheduling Conference on March 12, 2010, be DENIED.

I further RECOMMEND that the Defendants' original Motion to Dismiss (Docket # 2) be

DENIED AS MOOT, because the Plaintiff has since Amended the Complaint, and that the Court

treat the Defendants' opposition to the Second Motion to Amend (Docket # 16) as a Motion to

Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and that that motion be DENIED.[6]

Neither defendants Macedo and Fulkerson yet have counsel to represent them as

individuals and the Court intends to address with all counsel whether a stay or deferral of

---

[6]  The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).

discovery on the Monell claim should enter, if the Court accepts the recommendation contained herein regarding that claim.  Accordingly, no scheduling order has entered and I hereby stay discovery pending the Court's ruling on the Recommendations contained herein.


SO ORDERED.


/s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE